IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUBREY KING,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| v. : | **NO. 18-5193** |
| **INTEGER/MEDPLAST,** : | |
| Defendant. : | |

**Goldberg, J.**                                                                           **October 28, 2019**

### MEMORANDUM OPINION

Plaintiff, Aubrey King, brings this suit against his former employer Defendant Integer/Medplast, alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Defendant seeks to dismiss Counts Three, Four, Six, and Eight of the Amended Complaint. For the following reasons, Defendant's Motion to Dismiss will be granted as to the PHRA claims in Counts Three and Six, but denied as to the retaliation claim in Count Four and the § 1981 discrimination claim in Count Eight.

**I. FACTUAL BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint:[1]

---

[1] In deciding a motion under Federal Rule of Civil Procedure, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

In 2015, Plaintiff, a black male, was hired by Defendant as a machine operator. Within the first few years of his employment, Plaintiff became concerned that black employees appeared to be treated less favorably than white employees. For example, Plaintiff noted that Defendant, which hired temporary employees through staffing agencies, offered permanent employment to more white individuals than black individuals. Plaintiff also observed white employees receiving preferential status when it came to overtime opportunities and vacation requests. Finally, Plaintiff claimed that his wife, who was also employed by Defendant, was fired for objecting to racially offensive remarks directed towards her, but that no disciplinary action was taken against a white co-worker who used racial slurs and physically assaulted a black co-worker. In late 2017, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination. (Am. Compl. ¶¶ 11–17.)

In November to December 2017, shortly after he filed the EEOC charge, Plaintiff applied for a more lucrative position with Defendant in its Die Crib department. Plaintiff claims that Defendant only employed one person of color in the Die Crib department and that both Plaintiff and another black applicant were interviewed for the position. Plaintiff alleges that the position was awarded to an external white applicant with no experience. (Id. ¶¶ 18–20.)

Plaintiff filed a second EEOC Charge on August 15, 2018, after he was denied the Die Crib position. In September 2018, Plaintiff went to Human Resources ("HR") to complain about the preferential treatment of white workers at the company. A few days later, Plaintiff was told he was being given his final warning for allegedly threatening HR regarding their hiring practices, and that his prior absences were no longer going to be excused. As a result of this conversation, Plaintiff allegedly suffered severe emotional distress that required immediate hospitalization. The next day, Plaintiff was fired based on Defendant's allegedly false accusation that he threatened

someone while being helped by ambulance personnel. (Id. ¶¶ 32–36; Compl., ECF No. 2, at p.10.).)

On December 3, 2018, Plaintiff, acting *pro se*, filed the current suit. On March 4, 2019, with the assistance of counsel, Plaintiff filed an Amended Complaint alleging the following causes of action: failure to promote on account of race in violation of Title VII (Count I); failure to promote on account of race in violation of § 1981 (Count II); failure to promote on account of race in violation of the PHRA (Count III); retaliation in violation of Title VII (Count IV); retaliation in violation of § 1981 (Count V); retaliation in violation of the PHRA (Count VI); termination on account of race in violation of § 1981 (Count VIII); and retaliatory termination in violation of § 1981 (Count IX). [2]

Defendant filed the current Motion to Dismiss on March 25, 2019. Counsel for Plaintiff entered an appearance on April 5, 2019, and thereafter, on April 11, 2019, filed a response in opposition to Defendant's Motion.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662,

---

[2]  The Amended Complaint does not include a Count Seven.

678–9 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The Court of Appeals has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

The court must construe the facts stated in the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Yet there are limits to our procedural flexibility. For example, *pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Thus, even a *pro se* complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions" that are devoid of "factual enhancement." Iqbal, 556 U.S. at 678 (internal quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id.

## III.     DISCUSSION

In its Partial Motion to Dismiss, Defendant seeks to dismiss several counts of the Amended Complaint. First, it alleges that Plaintiff's PHRA claims (Counts Three and Six) are barred by the statute of limitations. Second, Defendant argues that Plaintiff failed to exhaust his administrative remedies with regards to his Title VII and PHRA claims for retaliation relating to the 2017 loss of promotion (Counts Four and Six). Finally, it asserts that Plaintiff fails to plead a plausible claim for race discrimination under Section 1981 (Count Eight).

### A.     Counts Three and Six (PHRA Claims)

Defendant first moves to dismiss Plaintiff's PHRA claims as untimely. As the Amended Complaint "facially shows noncompliance with the limitations period," I will dismiss these Counts. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

In order to bring suit under the PHRA, an administrative complaint must be filed with the Pennsylvania Human Relations Committee ("PHRC") within 180 days of the alleged act of discrimination. 43 Pa. Stat. Ann. § 959(h); Mandel v. M&Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013). The Supreme Court has held that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it happened." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). Therefore, a party must file a charge within 180 days of the date of the act "or lose the ability to recover for it." Id. A discrete act, such as "termination, failure to promote, denial of transfer, or refusal to hire," constitutes a "separate actionable unlawful employment practice." Mandel, 706 F.3d at 165 (quoting Nat'l R.R., 536 U.S. at 114).

Here, Plaintiff's discrimination and retaliation claims under the PHRA are based on his being denied a promotion in the November–December of 2017 timeframe. Because a failure to promote constitutes a discrete act of discrimination, the statute of limitations started to run on the

date of that event. Assuming *arguendo* that the denial occurred at the end of December, Plaintiff did not digitally sign his administrative charge until August 15, 2018, which is a month and a half after the expiration of the 180-day period. Accordingly, the PHRA claims are untimely.

In an effort to avoid this time bar, Plaintiff raises the potential existence of a timely-filed administrative intake questionnaire. Plaintiff to cites several cases holding that a timely-filed intake questionnaire can, in some circumstances, be sufficient to toll the statute of limitations. (See Pl.'s Response at 6–7 (citing Waites v. Kirkbride Ctr., No. 10-1487, 2011 WL 2036689 (E.D. Pa. May 23, 2011); Kellam v. Indep. Charter Sch., 735 F. Supp. 2d 248, (E.D. Pa. 2010); Harter v. Cty. of Washington, No. 11-588, 2012 WL 1032478 (W.D. Pa. Mar. 27, 2012).) He then argues that "if" he "went to the EEOC for intake interviews, filled out intake questionnaires, or otherwise began the intake and review process with the EEOC, his charge may be considered to have been filed as of an earlier date." (Id. at 6.) According to Plaintiffs, this is a factual question that must be resolved during discovery.

I find no merit to this argument. In the cases cited by Plaintiff, the complaints specifically identified an EEOC intake questionnaire which could potentially toll the limitations period. By contrast here, Plaintiff only raises the mere possibility that he may have filed a timely intake questionnaire. Facts about what Plaintiff filed with the EEOC or PHRC are uniquely within Plaintiff's own knowledge and, as such, could have been either pled in the Amended Complaint or set forth in the response to the Motion to Dismiss. Plaintiff's speculation about what he might or might not have done does not allow him to avoid the time-bar on his PHRA claims.[3]

---

3   In addition, I am not inclined to award leave to amend in this instance because it is clear from the face of the Complaint and the supporting briefs that any amendment would be futile. See Harris v.Steadman, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) ("Amendment is futile if a proposed amended complaint is 'frivolous or advances a claim or defense that is legally insufficient on its face.'" (quotation omitted)). Allowing for the use of vague and speculative language as support

**B.     Count Four (Retaliation Claim)**

Defendant next seeks dismissal of Count Four of the Amended Complaint for failure to exhaust administrative remedies.[4] Specifically, in Count Four, Plaintiff asserts that Defendant's failure to promote him was in retaliation for his complaints of discrimination. Defendant now contends that because Plaintiff failed to allege facts in his Charge of Discrimination that would have put the EEOC on notice of this claim, as such, the claim has not been exhausted.

A Title VII plaintiff is required to exhaust all administrative remedies before bringing a claim for judicial relief. 42 U.S.C. § 2000e-5(e)(1); Antol v. Perry, 82 F.3d 1291, 1295 (3d. Cir. 1996). This standard requires the Plaintiff to "fil[e] a timely discrimination charge with the EEOC." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 431 (E.D. Pa. 2007) (citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)). The purpose of this requirement is "(1) to ensure 'that an employer is made aware of the complaint lodged against him and is given the opportunity to take remedial action,' and (2) to give 'the EEOC the opportunity to fulfill its statutory duties of eliminating unlawful practices through the administrative process.'" O'Donnell v. Michaels' Family Rest., Inc., No. 07-5386, 2008 WL 2655565, at *2 (E.D. Pa. July 1, 2008) (quoting Jackson v. J. Legis Crozer Library, No. 07-481 2007 WL 2407102, at *5 (E.D. Pa. Aug. 2, 2007)). As a general rule, the exhaustion requirement is "strictly construed and the failure to pursue the appropriate administrative remedies will bar judicial review." Elberson v. Pa., 396 F. App'x 819, 821–22 (3d. Cir. 2010).

---

for the existence of a fact which Plaintiff should have knowledge of runs contrary to the efficacy and efficiency of the federal pleading standards.

[4]  Defendant also moves to dismiss Count Six for failure to exhaust. Having already dismissed this claim as untimely, I need not address it again here.

An EEOC Charge Form "serves to define the scope of the Commission's investigation and to notify the defendant of the charges against it." Barzanty v. Verizon Pa., Inc., 361 F. App'x 411, 415 (3d Cir. 2010) (citing 42 U.S.C. § 2000e-5(b)). Once a charge is filed with the EEOC, "the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. . . ." Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978). "Requiring a new EEOC filing for each and every discriminatory act would not serve the purposes of the statutory scheme where the later discriminatory acts fell squarely within the scope of the earlier EEOC complaint or investigation." Antol, 82 F.3d at 1295 (3d Cir. 1996).

Here, I find that the EEOC was put on notice of Plaintiff's retaliation claim. Plaintiff checked the retaliation box on the EEOC Charge filed after his denial of promotion. In that same EEOC Charge, Plaintiff (a) suggested that, prior to his loss of promotion, he had engaged in protected activity by complaining to HR about Defendant's discriminatory practices, and (b) stated that he has been and continues to be "retaliated against for having engaged in protected activity." (ECF No. 2, p. 10–11.) Given these allegations, Plaintiff's claim of discriminatory retaliation was reasonably within the scope of the Charge before the EEOC. As such, I decline to dismiss Count Four for failure to exhaust administrative remedies.

### C. Count Eight (Section 1981 Termination on Account of Race)

Finally, Defendant asserts that Plaintiff has failed to plead a plausible claim for relief, under § 1981, for termination on account of race.

"In order to state a claim under Section 1981 a plaintiff 'must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the

8

activities enumerated in the statute[,] which includes the right to make and enforce contracts . . .'" Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citing Yelverton v. Lehman, No. 94-cv-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), aff'd., 175 F.3d 1012 (3d Cir. 1999)). As to the second element, a claim for intentional discrimination requires more than "conclusory allegations of generalized racial bias." Deserne v. Madlyn & Leonard Abramson Ctr. for Jewish Life, Inc., No. 10-03694 2011 WL 605699 (E.D. Pa. Feb. 16, 2011) (quoting Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992)). Rather, a plaintiff must raise facts that "support a reasonable expectation that evidence of racial animus would be revealed in discovery." See Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581 2009 WL 4756381 (E.D. Pa. Dec. 10, 2009). In other words, the plaintiff has the "burden of pleading sufficient factual matter that permits the reasonable inference that [he] was terminated . . . on the basis of [his] race. Golod v. Bank of Am. Corp., 403 F. App'x 669, 702 (3d Cir. 2010).

Here, Plaintiff has alleged that he is a member of a racial minority and that he was terminated, thereby satisfying elements one and three. Moreover, Plaintiff has set forth sufficient facts to raise the inference of intentional discrimination, in satisfaction of element two. Specifically, the Amended Complaint (a) contends that Defendant employs only one person of color in the Die Crib department, and (b) provides examples of Defendant's disparate treatment of its black employees, including Plaintiff. In addition, Plaintiff pleads that Defendant hired a less qualified white applicant for the position sought by Plaintiff and then proffered false reasons for terminating Plaintiff's employment. Taking these allegations as true, there is a plausible inference that Defendant intended to discriminate against Plaintiff on the basis of race. Accordingly, I decline to dismiss Count Eight of the Amended Complaint.

## IV. CONCLUSION

In light of the foregoing, Defendant's Partial Motion to Dismiss will be granted in part and denied in part. Counts Three and Six shall be dismissed as time-barred. As I find that Plaintiff has exhausted his administrative remedies pertaining to the alleged retaliatory failure to promote, I decline to dismiss Count Four. Finally, as Plaintiff has pled sufficient facts to support a plausible claim for relief under Section 1981, I decline to dismiss Count Eight.

An appropriate Order follows.